HENRY C. ROUSE, *as Receiver de bonis non of The Missouri, Kansas & Texas Railway Company*, v. MATT. E. OSBORNE.

### No. 59.

1. RAILROADS — *Injury to Stock.* Where horses are trespassing upon an inclosure, and go from there upon the right of way of a railway company and are killed or injured, the owner is entitled to no greater rights than the landowner would have.

2. ——— *Burden of Proof.* The burden of proving the issue is upon the owner of the horses, and where there is a total lack of evidence as to whose duty it is to keep and maintain the post which supports the gate and fence at the place where they entered upon the right of way of the railway company, the plaintiff cannot maintain an action for damages for the killing or injuring of said stock, and the court should instruct the jury to render a verdict for the defendant.

3. ——— *Erroneous Instruction.* An instruction is prejudicially erroneous that tells the jury that it is the duty of the railway company to keep a private gate shut. It is the duty of the landowner, and not of the railway company, to keep such a gate shut.

4. TRIAL— *Special Question to Jury*.   When one of the parties to a suit requests the court to submit a special question to the jury, if the question is material and relates to some of the facts which the jury must find in arriving at their verdict, it is error for the court to refuse to submit such question.

MEMORANDUM.—Error from Anderson district court ; A. W. BENSON, judge.   Action by Matt. E. Osborne against Henry C. Rouse, as receiver *de bonis non* of The Missouri, Kansas & Texas Railway Company, for killing stock.   Judgment for plaintiff.   Defendant brings the case to this court.   Reversed.   The opinion herein, filed December 4, 1895, states the material facts.

*T. N. Sedgwick*, for plaintiff in error.
*Kirk & Bowman*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. :   This is an action brought by the defendant in error against the receiver of the Missouri, Kansas & Texas Railway Company to recover the damages sustained by him by reason of the killing of six horses and the injuring of six other horses by a train being operated on the road of said railway company by said receiver.   The horses escaped from the inclosure of the defendant in error and wandered into the inclosure of one J. Vance, and from the inclosure of Vance to the right of way of said railroad, and were killed and injured by a passing train.   The right of way of said railroad was inclosed with a good and lawful fence except at the place where the stock entered.   At the place where the stock entered upon said right of way there was a private gate which led to a private crossing and to a switch which was first built for the private use of said Vance.   By a stipulation between Vance and the railway company, the

said Vance agreed to make and maintain gates in the fence of said railway company at said crossing. At the time the horses passed upon the said right of way the post to which the gate was attached was broken off and had been carried around to the northeast, taking the gate and one panel of the wire fence with it. Some of the horses went through the place where the gate should have been and some of them went through the place where the panel of the fence should have been. These are the material facts in the case, as shown by the evidence and determined by the special findings of the jury.

The plaintiff in error raised the question of the liability of the receiver for a failure to fence the right of way; but since the decision in the case of *Rouse v. Harry*, 55 Kan. 589, and the case of *Rouse v. Redinger*, 1 Kan. App. 355, the counsel have abandoned that claim. The next error assigned is in overruling the demurrer to the evidence of the plaintiff below. We think the plaintiff below was entitled to recover upon his evidence. He proved his loss and such a condition of the fence and gates as would establish the negligence of the railway company if no further evidence had been introduced.

The plaintiff in error contends that the court erred in refusing, after being requested by it, to give the jury the following instruction: "The court instructs the jury to find for the defendant, as the evidence, taking it altogether, will not sustain a verdict for the plaintiff." A correct determination of this point can be reached only by deciding who is responsible for the condition of the gate and fence at the place where the horses entered upon the right of way. The horses in question were trespassing in the inclosure of Vance, and Osborne is entitled to no greater rights than

Vance would have. (*Adams v. A. T. & S. F. Rld. Co.*, 46 Kan. 161.)   If Vance could not have recovered for his stock under the same circumstances, then Osborne cannot.   Vance was bound to make and maintain the gate in the fence.   The railway company was bound to fence the right of way.   If a person must make and maintain a fence, he must furnish and set the posts necessary to maintain it in position, provided the fence he elects to build is such an one as needs posts to maintain it.   It follows that if a person must maintain a gate  he must furnish and set the posts necessary to maintain it in position, provided the gate he elects to build is such an one as needs posts to maintain it.   In this case the gate and fence were both attached to the same post and the post was broken off. If this post was a fence-post set by the railway company for the purpose of maintaining its fence, and Vance had attached his gate to it with the knowledge or consent of the company, then the company should have kept up the post and Vance could recover.   If Vance had attached his gate to it without the knowledge or consent of the company, and such gate was the means of breaking off said post, then Vance had caused his own injury and could not recover.   If this post was a gate-post set by Vance for the purpose of maintaining his gate, and the company had attached its fence to it with the knowledge or consent of Vance, then he should have kept up the post, and cannot recover.   If the company had attached its fence to it without the knowledge or consent of Vance, and such fence was the means of breaking off said post, then the company caused the injury, and Vance could recover.

. There is no evidence as to whose duty it was to keep up this post, and as the burden of proving the issue

is upon the plaintiff below, the jury should have been instructed to find for the defendant below. In *Adams v. A. T. & S. F. Rld. Co.*, supra, the railroad had built the gate, and the supreme court held that it was the landowner's duty to keep the gate closed, and that if he failed to do so he could not recover for stock that passed through such gate and was killed. It also held that if the gate or its fastenings were insufficient a different rule would apply. Defendant in error in his brief quotes this point, and says:

"If the railroad company did not see to it that the fence and gate and its fastenings are kept in order, and that the fence is not defective or the gate and its fastening insufficient, then the company is liable. The evidence in this case was that the fastenings, and the gate-posts, and the board on which the gate slid, and the wire-fence were down and out of repair."

His contention is not good, for in this case it was the duty of Vance to make and maintain the gates, while in the case of *Adams v. A. T. & S. F. Rld. Co.*, supra, it was the duty of the railroad to make and maintain them.

The plaintiff in error also contends that the court erred in its instructions given to the jury. A portion of the instruction complained of reads as follows:

"The switch in question, as the evidence shows, was a private switch, and the gate in question a private gate, and could be used only by the consent of the landowner, Mr. Vance, who, by agreement, was to maintain this gate. This, of course, put upon Mr. Vance, as between him and the company, the duty to keep the gate closed. But as to third persons, this agreement does not relieve the railroad company or receivers from all responsibility. The duty of the latter was to use reasonable care, to exercise ordinary prudence to keep the track inclosed and the gate shut. What is reasonable care in any case varies with the

exigencies of the situation, the danger that might reasonably be apprehended, and all the surrounding circumstances. The company and the receivers were required to exercise reasonable care to have the gate shut.''

This instruction is clearly erroneous. Our supreme court has held that a person whose animals are trespassing in the inclosure of another is entitled to no greater rights than the landowner. (*Adams v. A. T. & S. F. Rld. Co.*, 46 Kan. 161.) The same case holds that it is the duty of the landowner to keep the gate shut. The instruction says it is the duty of the company and the receiver to keep the gate shut. The giving of this instruction was an error prejudicial to the substantial rights of the plaintiff in error.

Of the other errors complained of we will only consider one, for the reason that the others will probably not occur upon a new trial of the case. The court refused to submit special question No. 27, which reads as follows : ''If your general verdict should be for the plaintiff, you may here state how much damage you allow him for each animal killed and for each animal wounded.'' We think this question is material and should have been submitted to the jury. It relates to some of the facts which the jury must have found in arriving at their verdict. (*Jordan v. Johnson*, 1 Kan. App. 656.)

The judgment of the district court is reversed, and the case remanded for a new trial.

COLE, J., concurring.

JOHNSON, P. J., not sitting.